## Grigsby *v.* Ford *et al.*

The damages which are allowed upon protested inland bills of exchange are as fixed in amount, as much an incident to the debt and as readily calculated and assessed by the clerk as the interest, and it is the province of the clerk to assess them, without the intervention of a jury upon a judgment of *nil dicit*. In such a case a judgment by *nil dicit* is equivalent to a verdict, and finds all the facts to be true as stated in the declaration.

The fact, that an inland bill was not protested at the place, where on its face, it was made payable, cannot be taken advantage of, after judgment by *nil dicit*. The defect is cured by the statute of *jeofails*.

ERROR to the circuit court of Madison county.

This was an action of *assumpsit* upon three bills of exchange, drawn by J. G. Ott, at Vicksburg, in this state, on John Steady, at Livingston, also in this state, in favor of the plaintiff in error, for the sum of 1,508 dollars, 49 cents each. They were endorsed by the plaintiff, and likewise, by John Long, and accepted by Steady, payable at New Orleans. The declaration alleges, that at maturity, the bills were regularly protested for non-payment at New Orleans, where, by the terms of the acceptance, they were made payable, and due notice given to the endorser.

At the return term of the writ, the plaintiff in error filed the plea of *non assumpsit*. The cause was continued, and at the succeeding term he withdrew the plea from the record, and suffered judgment to be entered against him upon *nil dicit*. The clerk entered up the judgment for the principal sum due upon the bills with interest, and five per cent. damages, allowed upon protested inland bills.

M. and G. Calhoun, for plaintiff in error.

Harrison, *contra.*

It is in substance assigned as error, that the court rendered

[Grigsby *v*. Ford *et al*.]

judgment not only for the principal and interest, but for ten per cent. upon the principal in addition, and that this judgment was rendered without the intervention of a jury. Before, however, I proceed to notice the assignment of errors, I will remark, that the judgment as rendered, was for an amount, and upon terms agreed upon by the parties, as I think will appear from an examination of the record, and especially of the judgment itself. And if the judgment as rendered was for an amount, and upon terms agreed upon by the parties, it was then, for every purpose of justice, a judgment by confession. And if a judgment by confession, it is, under our statute, equivalent to a release of errors.

The court will observe, that the judgment as rendered, is not such as is usually rendered, or as the plaintiffs were entitled to in a mere case of default. The plaintiff in a mere judgment by default, is entitled to execution immediately upon the rendition of such judgment. But in the present case, judgment was entered with a stay of execution for six months.

The plea filed as above, had given to the defendant time for six months. The plea was then withdrawn, and upon the withdrawal, the above judgment was rendered, giving to him the further time of six months. Now, it cannot be contended, that the court had not the power to render such a judgment upon a proper state of facts. Consent of the parties would authorise the court to pronounce such a judgment. No other state of facts can be imagined, that would confer such power upon the court. The court having exercised such power, it must be presumed, in the absence of proof to the contrary, that it was properly exercised— or in other words, that the court pronounced this judgment for an amount, and upon terms agreed upon by the parties. The law presumes every decision and order of every court, in a matter of which it has jurisdiction, to have been correctly given and made upon a proper state of facts, until the contrary is made manifest by proof. Apply this well-settled principle to the present case, and every difficulty is at once removed; because, the court having, as before observed, power to render such a judgment upon a particular state of facts existing before it, (to wit, the consent of the parties,) and having rendered such judgment, the law necessarily pre-

16*

sumes, in the absence of proof to the contrary, that such a state of facts actually existed, upon which alone the court would be authorised to pronounce such judgment. It, therefore, seems to me, that the defendant below consented in court to this judgment, upon condition that the plaintiffs would stay execution thereon for six months thereafter. And if so, it is substantially a judgment by confession, and amounts, therefore, to a release of errors.

But I will now notice the errors assigned. The judgment is for 5127 dollars and 5 cents in damages—and the record does not any where show what items entered into, or form parts of this aggregate sum. So that this error results necessarily in this, to wit; that the judgment of the court below was excessive. Now this court will not, under its 22d rule, regard any such assignment of error, unless a true calculation be presented in words and figures, with a certificate by some counsellor not interested in the cause, that the calculation is correct. In other words, I understand this rule to be, that no such assignment of errors will be noticed, unless it be accompanied at the time with such calculation—for, in the absence of such calculation, this court will not regard the error. And the court will, of course, act upon the whole record, as though such assignment had not been made, unless accompanied by such calculation. Now, these errors were assigned on the second day of the December term, and the calculation exhibited in support of this " error," bears date in January, at the term after that at which the errors were assigned. Now, if this practice were allowed, the plaintiff would be at liberty to assign two sets of errors—one at the first, and one at the second term—because, this error, as assigned at the December term, amounted to nothing. . It would not have been regarded by the court. But now, by the calculation presented at the January term, he attempts to bring this error to the notice of the court— or in other words, to make a new assignment of errors—which, as I understand, is also forbidden by the rules of this court.

But again. The calculation presented by the plaintiff and signed by George Work, Esq., shows upon its face, that the court did not render judgment for ten per cent. damages, upon the amount of the bills. According to the calculation of Mr. Work,

[Grigsby *v.* Ford *et al.*]

the principal and interest alone, at the rendition of the judgment, amounted to                                              $ 4,962  74

   Ten per cent. upon $4,525 47, would be                            452  54

                                             5415  28

Whereas the judgment was for                                       5127  05

                                             388  23

Thus, it is manifest from that calculation, that the error assigned is not supported by the facts.

But the same assignment of errors admits indirectly, that the plaintiffs below were entitled to damages at the rate of five per cent. upon the amount. And I therefore take it for granted, that the allowance of five per cent. is not assigned as error. Though the plaintiff seems to take the position that the court below had no right to render judgment for the statutory damages, even of five per cent. without the intervention of a jury. I will briefly notice this, though it is not directly assigned as error.

It is the province of the jury to ascertain facts, and of the court to pronounce the law upon the facts when ascertained. Whenever the court can ascertain the facts without the aid of a jury, no jury is necessary, and the court may proceed to pronounce its judgment without the aid of a jury. Now the right of the court to render judgment for the principal and interest due on a bill of exchange, without the intervention of a jury where there is no defence, cannot be questioned; or in other words, the court can, of itself, ascertain the fact that so much is due to the plaintiffs upon a bill of exchange, and having ascertained that fact without a jury, may pronounce judgment accordingly. But upon the fact so ascertained, the statute in the Revised Code, entitled the plaintiffs to damages of ten or five per cent., according to the character of the bill—all bills of exchange being then chargeable with damages to at least five per cent. Now if this had been a foreign bill, yet the defendant below could not object that judgment was rendered against him for five per cent. on the amount; because, such judgment would not have been to his prejudice; it being well settled, that a plaintiff may safely take his judgment for less, though he cannot for more than he is enti-

[Grigsby *v.* Ford *et al.*]

·tled to.   Nor has he any more reason to complain that, being a domestic bill, judgment was pronounced for the five per cent.; —because, such was then the law.   Therefore, whether the bills in question were foreign or domestic, it is clearly no error that judgment was rendered for five per cent. upon the amount.   Where then was the use of a jury?   A jury would have found the bills to be either foreign or domestic.   If domestic, their verdict would have been the same in amount with the present judgment, for such was then the law.   If foreign, the plaintiffs might still have taken a verdict or judgment with perfect safety for less than they were entitled to.   And it is clear from the calculation, that the judgment was not for as much as the plaintiffs below had right to— the judgment being for 5,127 dollars, 5 cents.

| | | |
|---|---:|---:|
| The principal and interest alone being | 4,962 | 74 |
| Five per cent. on $4,525 47, being | 226 | 25 |
| | | |
| Correct amount | $ 5,188 | 99 |

Being greater by about 61 dollars, than the actual amount of judgment.   From this it is manifest, that the plaintiffs below alone have a right to complain of the judgment—it being in fact, .for less than it ought to have been by about 61 dollars.

The other errors assigned are not worthy of attention.   The withdrawal of the plea being an admission of the plaintiff's right to a judgment—and, as the bills show, upon their face, the amount due the plaintiffs, the court could not do otherwise than give him judgment for their amount.

Mr. Justice TROTTER delivered the opinion of the court.

There are two errors assigned.

1. That the clerk had no authority to assess the damages allowed on the bill.

2. That they should have been protested at Livingston, the place where, upon their face, they were payable.

By the 67th sect. of the circuit court law, Rev. Code, 120, it is provided, that all judgments on demurrer, confession, *non sum informatus, nil dicit* or by default, in actions of debt for a sum certain, and in actions founded on any instrument of writing, ascertaining the sum due and not set aside, &c., shall be final on

[*Grigsby v.* Ford *et al.*]

the last .day of the term, and executions may issue thereon for the amount of such judgments with legal interest, by way of damages, to be calculated by the clerk of such court. The clerk is thus expressly authorised to assess the damages allowed by way of interest for the non-payment of the money sued for; and the reason for this authority is. founded in obvious convenience to the parties. It is, moreover, an authority which can, with perfect safety, be entrusted to that officer of the court. The interest is an incident of the debt, which it follows with certainty, and can be ascertained as readily almost as the principal of the debt. It was, therefore, unnecessary to call in the aid of a jury. to inform the court what damages, by way of interest, the judgment creditor had sustained; and this duty has been wisely left to the clerk, who, in this respect, acts like a master in chancery. But the damages which are allowed upon protested inland bills of exchange are as fixed in amount, as much an incident to the debt, and as readily calculated and assessed by the clerk as the interest. They form a part of the damages to which the holder of the bills is entitled, as well as the legal interest; and where the sum on which they are to be calculated, is certain, and ascertained by the bill, there is no just reason why the clerk should not assess them. And, accordingly, the practice has been uniform in this state, as far as we are informed. The clerk has invariably calculated them. In this case, the judgment on *nil dicit* is equivalent to a verdict, and finds all the facts to be true as stated in the declaration. It affords proof upon the record of the making of the bills, of their acceptance, endorsement, protest for non-payment and notice to the plaintiff in error. What then would have been the subjects of inquiry by a jury? The amount of the bills? That was ascertained by the bills themselves. The liability of the endorser? That was fixed by the judgment. The character of the bills, whether foreign or inland? The pleadings show that they were drawn in the state, upon a resident of the state, payable in the state, and the judgment finds the truth of these allegations, and establishes their character as inland bills. It would, therefore, have been a very idle ceremony in the court to have sent this case to a jury. It is their sole province to find

[Grigsby *v.* Ford *et al.*]

the facts.    They were already ascertained here, and the law fixed the damages.

As to the second error, we think the objection, if good, comes too late.    The facts on which it is rested, sufficiently appear in the declaration; and the defendant should, therefore, have demurred for that cause, if he believed it fatal to the action.    The act of *jeofails* places judgment upon *nil dicit*, on a footing with those after verdict, and provides that the same shall not be reversed for any defect whatsoever, in the declaration or pleading whether of form or of substance which might have been taken advantage of by demurrer, &c.

Let the judgment be affirmed with damages, &c.